UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 05 2015

David J. Bradley, Clerk of Court

UNITED STATES OF AMERICA §
§
v. § CRIMINAL NO.:
§ UNDER SEAL
JOEL QUEZADA, §
DEFENDANT §

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

15 CR 410

# INDICTMENT

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At all times material herein:

1.  At all times material to this Indictment, Joel Quezada was employed by the Houston Police Department in Houston, Texas as a full-time, law enforcement officer, assigned as a patrol officer to the Driving While Intoxicated Task Force.

2.  At all times relevant to this Indictment, R.R., along with others, known and unknown to the Grand Jury, did knowingly and willfully attempt to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), specifically, the robbery of a Loomis armored car

1

on December 6, 2013, in Houston, Texas, all in violation of Title 18, United States Code, Sections 1951(a) and 2.

3. At all times material to this Indictment, Loomis Armored U.S. Inc., ("Loomis") maintained offices throughout the United States and was engaged in the business of secured armored transport of United States currency in interstate commerce and in picking up and delivering United States currency to financial institutions and check cashing businesses, in the Southern District of Texas and throughout the United States, both of which are industries which affect interstate commerce.

4. At times relevant to this Indictment, the activities of Loomis affected commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

## COUNT ONE

### (Interference with Commerce by Extortion Under Color of Official Right– 18 U.S.C. §§ 1951)

From on or about October 1, 2013, and continuing through on or about October 29, 2014, in the Southern District of Texas,

**JOEL QUEZADA,**

while employed with the Houston Police Department, did conspire with others

known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, that is, the Defendant under color of official right, obtained property and benefits not due to the Defendant, or his office, from R.R., with the consent of R.R., through the use of his office.

All in violation of Title 18, United States Code, Section 1951.

## COUNT TWO

### (Statements or Entries Generally – 18 U.S.C. § 1001(a)(1))

On or about February 18, 2014, in the Southern District of Texas,

### JOEL QUEZADA

defendant herein, did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact in a matter within the jurisdiction of the executive branch of the government of the United States, by participating in an interview with an agent from the Federal Bureau of Investigation about a robbery that took place on or about December 6, 2013 and concealing during that interview the fact that he had accepted United States currency, as a payment from R.R., to monitor Defendant's police radio during the time of a robbery that occurred on or about December 6, 2013.

In violation of Title 18 United States Code Section 1001(a)(1).

3

## COUNT THREE

**(False Statement or Representation Made to an Agency of the United States – 18 U.S.C. § 1001(a)(2))**

On or about October 29, 2014, in the Southern District of Texas,

### JOEL QUEZADA

defendant herein, did willfully and knowingly make a false material statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, by stating to an agent of the Federal Bureau of Investigation that R.R. did not give him any money in relation to a robbery that took place on or about December 6, 2013, when in fact, this statement and representation was false, because, as **JOEL QUEZADA** then and there knew, he had accepted United States currency from R.R. in exchange for monitoring defendant's police radio during a robbery that occurred in Houston, Texas on December 6, 2013.

In violation of Title 18 United States Code Section 1001(a)(2).

A TRUE BILL
Original Signature on File

Original Signature on File
_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
ANDREW LEUCHTMANN
ASSISTANT UNITED STATES ATTORNEY


_____
CAROLYN FERKO
ASSISTANT UNITED STATES ATTORNEY